IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Gloria A. Bunch and family,<br><br>    Plaintiff(s),<br><br>v.<br><br>Muskogee Housing Authority, et al.,<br><br>    Defendant(s). | Case No. 13-CIV-212-RAW |

**ORDER**

Before the court is Plaintiff's Complaint [Docket No. 2] and Motion for Leave to Proceed *in Forma Pauperis* ("IFP") [Docket No. 3].[1] The motion for IFP indicates that Plaintiff receives $1,089 per month SSA and $951 per month for federal disability, for a total monthly income of $2,040.

Plaintiff is proceeding *pro se* in this matter. Thus, the court construes liberally the pleadings of the litigant. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Motion for IFP**

Plaintiff lists debts for student loans and numerous credit cards. Plaintiff's motion also states there are two individuals that rely on her for support, but both are adults (29 and

---

[1] Plaintiff's pleadings reflect different Defendants than those listed in her Complaint. For example, in her Application for Appointment of Counsel, Plaintiff lists Defendants of Dr. James B. Peake, Secretary Department of Veterans Affairs. In Plaintiff's Motion for IFP, she lists Defendants of Kenneth A. Martin, M.D. and Arkansas Surgical Hospital. Pursuant to Rule 10 of the Federal Rules of Civil Procedure, all pleadings received from Plaintiff must reflect the correct caption. In the future, the Clerk of the Court will be directed to return unfiled any document received from Plaintiff with an incorrect caption.

35 years of age) and do not live with Plaintiff. Plaintiff also sends money as she can to the financial account of a son who is currently incarcerated. Plaintiff also owns a 2007 Ford Fusion that she says has a value of $1,000 or less, but the loan balance on that vehicle is $12,600 with a monthly payment of $297. The motion also indicates Plaintiff pays $75 per month for clothing, $150 per month for telephone, cable & phone, as well as $75 per month for cell phone. Her monthly rent for housing is $800. Plaintiff lists expenses totaling $2,013 per month.

The court "has discretion in deciding whether or not to grant a civil litigant permission to proceed IFP." Brewer v. City of Overland Park Police Dept., 24 Fed.Appx. 977, 979 (10th Cir. 2002) (citing 28 U.S.C. § 1915(a)).

> General factors that can be considered when deciding whether to grant IFP status include: whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources.

Id. (citations omitted). This court considers the foregoing factors in deciding whether to grant Plaintiff's motion to proceed IFP. Additionally, the Tenth Circuit has previously held that "in civil cases for damages *in forma pauperis* status should be granted sparingly." Zhu v. Countrywide Realty Co., 148 F.Supp.2d 1154, 1156 (D.Kan. 2001). The Tenth Circuit Court of Appeals has also stated that "proceeding *in forma pauperis* in a civil case is a privilege which is within the court's discretion to grant or deny." White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998). Another court has held "that where discretionary income

is sufficient to pay the filing fee even in a case where total expenses exceed total income, denial of an *in forma pauperis* motion is appropriate." Scherer v. Merck & Co., 2006 WL 2524149 (D.Kan. Aug. 24, 2006).

The court believes that Plaintiff does have limited income. The court agrees with the New Mexico court, however, that stated, "While this Court does not suggest that Lewis is wealthy or has lots of money to spend, she does appear to have discretionary income and/or assets. It appears that she has the ability to spend her discretionary funds on filing fees if she desires." Lewis v. Center Market, 2009 WL 5217343 (D.N.M.)

Based on Plaintiff's motion, the court believes that the Plaintiff is financially able to pay the filing fees in monthly payments. Accordingly, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 3] is hereby GRANTED in part and DENIED in part. Plaintiff shall pay $25 per month toward the filing fees in this matter. Plaintiff shall make the first $25 payment to the district court clerk on or before the first day of each month, with the first payment due on **June 5, 2013.** Failure to pay the filing fee as directed could result in this matter being dismissed pursuant to the Federal Rules of Civil Procedure.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious, (2) fails to state a claim on which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that the monthly payments will continue to be

due and owing until full payment of the filing fee has been received by the court even after disposition of the case, and regardless of whether relief is granted or denied.

Further, the Clerk of Court shall not issue process until at least $100 has been paid toward the filing fees in this matter.

### Application for Appointment of Counsel

Contained within Plaintiff's Complaint is an Application for Appointment of Counsel [Docket No. 2]. Plaintiff indicates she has contacted three attorneys but has been unable to obtain their services.

"The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir.1985). A district court should evaluate, in connection with a motion to appoint counsel, the merits of the claims, the nature and complexity of the factual and legal issues, and the plaintiff's ability to investigate the facts and present the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Plaintiff's Application for Appointment of Counsel is DENIED.

### Conclusion

For the reasons stated above, the court orders as follows:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 3] is hereby GRANTED in part and DENIED in part. Plaintiff shall pay $25 per month toward the filing fees in this matter. Plaintiff shall make the first $25

payment to the district court clerk on or before the first day of each month, with the first payment due on **June 5, 2013.**

2.   Plaintiff's Application for Appointment of Counsel is DENIED.

Dated this 20th day of May, 2013.


**Dated this 20th day of May, 2013.**

*/s/ Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma