IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

Gloria A. Bunch,
    Plaintiff,

v.

Muskogee Housing Authority, et al.,
    Defendants.

Case No. 13-CIV-212-RAW

**ORDER**

Before the court are the following:

1. Plaintiff's Motion to Stay filed January 5, 2015 [Docket No. 48] and Defendants' Response [Docket No. 54]; Plaintiff requests a stay regarding the Status & Scheduling Conference that was set for January 13, 2015. Defendants[1] have responded in opposition.

2. Plaintiff's Motion to Stay Case or Dismiss Without Prejudice filed May 15, 2015 [Docket No. 87] and Defendants' Response [Docket No. 88]. Plaintiff requests this matter be placed on hold status "for an extended time" due to extenuating circumstances, or to dismiss the case without prejudice. Defendants have responded in opposition.

*Motion to Stay [Docket No. 48]*

Plaintiff has filed three previous requests to stay this action [Docket Nos. 7, 9, and 18].

---

1 Defendants' Responses were filed on behalf of the following Defendants: Muskogee Housing Authority, Blake Farris, Erin Hester, and J.D. Foster.

Those motions have been denied, some by minute order and some by written order.

Plaintiff's Motion to Stay [Docket No. 48] was filed regarding a Status & Scheduling Conference that was set for January 13, 2015. After a flurry of filings, the conference was ultimately stricken. Plaintiff's motion takes issue with Defendants' counsel submitting to her a Joint Status Report form for completion. Rule 26 of the Federal Rules of Civil Procedure states:

> "The attorneys of record and all unrepresented parties that have appeared in the case are <u>jointly</u> responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan."

F.R.Civ.P. Rule 26(f)(2)(emphasis added). The court believes Defendants' counsel was attempting to comply with the court order setting the conference which required a <u>joint</u> status report. From reading the motion and response, it appears that Defendants' counsel submitted the required form to Plaintiff for the completion of Plaintiff's portion of the report and to initiate a dialog of what would be submitted to the court. Defendants' counsel offered to handle the logistics of preparing the document and electronically filing it, only to have Plaintiff accuse defense counsel of malicious and harassing conduct.

Plaintiff states that the conference and/or the conduct of defense counsel was a "nuisance, malicious, antagonizing and unnecessary RUS." The court strongly disagrees. The Federal Rules of Civil Procedure provide extensive rules for pretrial discovery and status conferences. Plaintiff's status as a *pro se* litigant does not absolve her of the responsibility to follow the federal and local rules, and does not absolve her of the requirement to abide by the orders of this court. If this matter proceeds further after adjudication of the pending motions,

2

the court will again set a status & scheduling conference in which Plaintiff will be required to participate.

Plaintiff's Motion to Stay filed January 5, 2015 [Docket No. 48] is deemed MOOT.

*Motion to Stay [Docket No. 87]*

Plaintiff's latest motion to stay requests the court stay the matter or dismiss the case without prejudice. Defendants have objected to either request.

The court considers four factors regarding a stay:

1. Whether Plaintiff is likely to prevail on the merits;
2. Whether Plaintiff will be irreparably harmed in the absence of a stay;
3. Whether other parties will not be substantially harmed by the entry of a stay;
4. Whether the public interest favors a stay.

United States of America v. Various Tracts of Land in Muskogee and Cherokee Counties, 74 F.3d 197, 198 (10th Cir. 1996). Further, the Tenth Circuit has addressed the weight to be given to those factors:

> With respect to the four stay factors, where the moving party has established that the three "harm" factors tip decidedly in its favor, the "probability of success" requirement is somewhat relaxed. *Prairie Band,* 253 F.3d at 1246; *Continental Oil Co. v. Frontier Ref. Co.,* 338 F.2d 780, 781–82 (10th Cir.1964). Under those circumstances, probability of success is demonstrated when the petitioner seeking the stay has raised "questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Prairie Band,* 253 F.3d at 1246–47 (internal quotations omitted).

F.T.C. v. Mainstream Marketing Services, Inc., 345 F.3d 850, 852 -853 (C.A.10,2003). Additionally, the decision to grant a stay is not to be taken lightly:

> A stay is an "intrusion into the ordinary processes of administration and judicial review," *Virginia Petroleum Jobbers Assn. v. Federal Power Comm'n,* 259 F.2d 921, 925 (C.A.D.C.1958) ( *per curiam* ), and accordingly "is not a matter of right, even if irreparable injury might otherwise result to the appellant," *Virginian R. Co. v. United States,* 272 U.S. 658, 672, 47 S.Ct. 222, 71 L.Ed. 463 (1926). The parties and the public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of orders that the legislature has made final.

Nken v. Holder, 556 U.S. 418, 427, 129 S.Ct. 1749, 1757 (U.S.,2009).

*Plaintiff Likely to Prevail*

The court must consider whether Plaintiff is likely to prevail on her claims.

> A stay is not a matter of right, and its issuance depends on the circumstances of a particular case. The first factor, a strong showing of a likelihood of success on the merits, requires more than a mere possibility that relief will be granted. Similarly, simply showing some possibility of irreparable injury fails to satisfy the second factor.

Nken, at 420. Plaintiff's motion fails to address three of the four factors to be considered. Plaintiff sets forth no information regarding the likelihood of prevailing on her claims, and thus Plaintiff has failed to meet her burden in requesting a stay as to the first factor.

*Irreparable Harm*

The court has considered whether Plaintiff will be irreparably harmed in the absence of a stay. Plaintiff indicates she has extenuating circumstances, including a recent unanticipated move, searching for a new residence possibly out of state, being stressed and in pain. The court notes, however, that in the pendency of this case, Plaintiff has filed five notices of change of address [Docket Nos. 20, 26, 35, 40, and 84]. Some of those moves were out of state moves, usually between Little Rock, Arkansas and Eagan, Minnesota. While the court is not

4

unsympathetic to Plaintiff's situation, the court cannot leave matters in an indeterminate state until Plaintiff's situation eventually improves.

The court has carefully reviewed the Docket Sheet in this matter. Defendants have filed two motions for summary judgment which are currently at issue [Docket No. 52 and 74]. There is only one substantive motion that has not been fully briefed, Defendant Chea Redditt's Motion for Summary Judgment [Docket No. 89]. Plaintiff's response to that motion is currently due June 12, 2015.

The court has evaluated the possible harm to Plaintiff if a stay is not granted. The court finds that Plaintiff will not suffer irreparable harm, due to the current posture of the pending motions and the motions having been briefed and already at issue (except for Motion No. 89).

*Substantial Harm to Non-Moving Parties*

Defendants argue in their response that a stay should be denied due to the interest of judicial economy and potential prejudice to the Defendants. Defendants state that witnesses will potentially be more difficult to contact and recollections may fade. Additionally, if the court dismisses the case, Defendants argue they would be required to incur additional time and expenses while the new case returned to its current posture.

The court finds that the Defendants would likely suffer substantial harm if a stay is granted, due to loss of recollections, additional time and expenses and a lack of judicial economy. These factors are also persuasive regarding Plaintiff's request to dismiss the case without prejudice.

*Public Interest*

Finally, the court believes the fourth factor, a public interest, is persuasive for Defendants. While a Plaintiff is entitled to her day in court, Defendants are also entitled to a swift decision on the merits of their defenses. Based on F.T.C., supra, the court concludes that the three "harm" factors do not support a relaxed review of the probability of success factor.

*Conclusion*

The court will not further delay a decision on the pending motions, except for the most recently filed motion for summary judgment by Defendant Redditt [Docket No. 89]. The court will allow Plaintiff a one month extension of time in which to respond to Defendant Redditt's motion. Plaintiff's response to the motion will be due no later than **July 13, 2015**.

Plaintiff's Motion to Stay filed January 5, 2015 [Docket No. 48] is deemed MOOT.

Plaintiff's Motion to Stay Case or Dismiss Without Prejudice [Docket No. 87] is DENIED.

Dated this __4th__ day of June, 2015.

_____
Honorable Ronald A. White
United States District Judge
Eastern District of Oklahoma